22057

The STATE, Respondent, *v.* Ned Truette DOBSON, Jr., Appellant.

(314 S. E. (2d) 310)

Supreme Court

*Alexander S. Macaulay,* of *Miley, Macaulay, Day & Agnew,* Walhalla, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

March 14, 1984.

HARWELL, Justice:

An Oconee County jury convicted appellant Ned Truette Dobson, Jr., of reckless homicide. The trial judge sentenced him to imprisonment for four years, suspended upon service of one year and probation for five years. We reverse.

On July 16, 1981, Leonard B. Rogers was killed in a single vehicle accident on a mountain road near Walhalla. Appellant was the driver of the vehicle, a British jeep, and Rogers was a passenger. Appellant was subsequently charged with reckless homicide pursuant to S. C. Code Ann. § 56-5-2910.

Under the Code, "when the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others," the driver is guilty of reckless homicide.

Appellant asserts that the trial judge erred in refusing to direct a verdict of acquittal or a judgment notwithstanding the verdict. He argues that the State failed to prove a reckless act on his part which was the proximate cause of the accident. Instead, he claims that the accident's cause was a mechanical malfunction unrelated to his drinking while driving.

In reviewing the denial of a motion for directed verdict or to set the verdict aside, the judge must view the evidence in a light most favorable to the State. Any evidence, direct or circumstantial, reasonably tending to prove the guilt of the accused, creates a jury issue. *State v. Perry*, 309 S. E. (2d) 9 (S. C. 1983). However, when the case rests entirely on circumstantial evidence, a directed verdict is proper when the evidence fails to positively prove the guilt of the accused to the exclusion of any other reasonable hypothesis. *State v. Stewart*, 278 S. Ct. 296, 295 S. E. (2d) 627 (1982).

The sole evidence from which recklessness by appellant could be inferred is the uncontradicted testimony that appellant drank beer during the hours preceding the accident and while he was driving the jeep. The State introduced no evidence that appellant drove with excessive speed prior to or at the time of the accident; nor was there evidence of a failure to maintain a proper lookout.

Even if a finding of recklessness were warranted by the evidence of appellant's intoxication, the State failed to meet the circumstantial evidence test in showing that this recklessness was the proximate cause of the accident. Appellant introduced expert testimony that the locking of the left front wheel caused the accident. Appellant's expert concluded that the evening of driving the jeep over rocky creek beds, stumps, and other rugged terrain caused the mechnical malfunction.

The experts for both sides agreed that the tire mark on the road was not a skid mark resulting from an application of brakes. The record supported an inference that the mark was made when the tire was dragged a few feet after the wheel locked. Furthermore, the record did not reveal that the jeep ever left the highway; it apparently remained on the proper

side of the center stripe. The Owner's Manual specified that the jeep would turn over at 30 m.p.h. The Testimony indicated that the jeep was traveling slightly above 30 m.p.h. (within the 35 m.p.h. speed limit).

Although the State's expert contradicted appellant's theory regarding the cause of the accident, the theory is a reasonable hypothesis. The record contains no other explanation for the overturning of the jeep. The evidence was simply too speculative to submit the reckless homicide issue to the jury.

Accordingly, we reverse.

Reversed.

NESS and GREGORY, JJ., concur.

LEWIS, Chief Justice, dissenting:

Appellant was convicted of reckless homicide and appeals, charging that there was no evidence to sustain his conviction.

The State charged, and the jury found, that appellant operated his jeep motor vehicle in such a reckless manner on a mountain road near Walhalla, South Carolina, as to cause the jeep to overturn, killing the passenger riding with appellant at the time.

In determining whether there was evidence to sustain the conviction, the testimony and the reasonable inferences therefrom must be viewed in the light most favorable to the State. There was ample evidence to sustain the conviction.

The wreck in question occurred at night on a section of road where the speed limit was 35 m.p.h. There is abundant evidence that appellant was operating the jeep while under the influence of intoxicants. Immediately after the wreck the witnesses noted that appellant's speech was slurred, he was unsteady on his feet, had about him the strong odor of alcohol, was a "little belligerent" at the scene, and could not remember what happened. Although appellant contends that the evidences of intoxication resulted from injury received in the wreck, it may be reasonably inferred that his injuries were superficial. Appellant was described as being under the influence of alcohol, a conclusion amply sustained by the record.

At the time of the wreck, appellant's jeep was being followed by another vehicle. The rear vehicle was travelling about 30 m.p.h., with the jeep travelling faster — as a witness

testified, "it was moving away from us." Another witness estimated the jeep's speed at 35-45 m.p.h. Approaching the scene of the wreck there was a left hand curve in the highway followed by one to the right. The occupants of the rear vehicle lost sight of the jeep as it went around the left hand curve and upon reaching the right curve observed the jeep overturned on the roadway.

The investigating highway patrolman found fresh tire skid marks on the roadway for a distance of 196 feet leading to the point where the jeep overturned. The skid marks were not brake marks but, according to the officer, appeared to have been from a tire of the type found on the jeep, "that had been turned sharply back to the right . . . or something happened that made the weight of the vehicle leave these marks on the road." It is inferable that the tire marks on the roadway were made from a swerving motion of the jeep. There was no hole in the road or obstruction to cause the jeep to skid.

Appellant contended that the wreck was caused by a locked left front wheel and offered expert testimony to support this theory. The State countered with expert testimony that the wheel did not lock prior to the wreck. This clear conflict in the evidence made it possible to draw the reasonable inference that the wreck did not result from any mechanical failure of the vehicle.

The record contains abundant testimony that appellant was operating the jeep at the time of the wreck while under the influence of alcohol in violation of the statutes of this State. The violation of the statutory prohibition against driving while under the influence of intoxicants is some evidence of recklessness, and supports a reasonable inference that appellant was incapable of maintaining proper control of the vehicle at the time of the wreck.

The nature of the tire skid marks and their length supports the conclusion that appellant failed to maintain proper control of the vehicle and was operating it too fast for conditions. The jury was justified in drawing the conclusion that appellant's intoxication contributed as a proximate cause to the wreck and resulting death of the passenger.

In *State v. Long*, 186 S. C. 439, 195 S. E. 624 (1938), the Court, in disposing of a similar issue, held: "Whether the defendant in this case was operating an automobile upon the highway

while intoxicated, which rendered him incapable of driving with that due care essential to the safety of other persons thereon, and whether the death of [the passenger] was a proximate result of this unlawful act were issues for the jury under all the facts and circumstances; as was the issue as to the speed of the automobile, and the extent to which this might have contributed to the fatality."

The Court in *State v. Long*, in discussing the rationale underlying their disposition of the issue of proximate cause in cases of drunk driving, quoted with approval the following from *People v. Townsend*, 214 Mich. 267, 183 N. W. 177 (1921):

> The purpose of the statute is to prevent accidents and preserve persons from injury, and the reason for it is that an intoxicated person has so befuddled and deranged and obscured his faculties of perception, judgment, and recognition of obligation toward his fellows as to be a menace in guiding an instrumentality so speedy and high-powered as a modern automobile. Such a man is barred from the highway because he has committed the wrong of getting drunk and thereby has rendered himself unfit and unsafe to propel and guide a vehicle capable of the speed of an express train and requiring its operator to be in possession of his faculties.

The remaining contentions are without merit and the judgment should be affirmed. I, therefore, dissent.

LITTLEJOHN, J., concurs.