23140

The STATE, Respondent v. Betty Ruth JACKSON, Appellant.
(389 S. E. (2d) 650)

Supreme Court

*Chief Atty. David I. Bruck,* of *S. C. Office of Appellate Defense,* Columbia, and *William I. Diggs,* North Myrtle Beach, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Dec. 5, 1989.

Decided Jan. 22, 1990.

TOAL, Justice:

Betty Ruth Jackson was convicted of the murder of her husband, Harvey Jackson. She received a sentence of life imprisonment. On appeal, she contends that the trial court erred in refusing to charge the jury to resolve a reasonable doubt between murder and manslaughter in favor of manslaughter. We agree and therefore reverse and remand for a new trial.

## FACTS

The State's evidence showed that Jackson and her husband were legally separated in April 1987 ending an 18 year marriage. During the first several months of the separation, Mr. Jackson lived in a barber shop located in front of the Jackson residence. After he obtained legal custody of their sixteen year old daughter, Mr. Jackson and Christie moved into an apartment in August 1987, approximately one week before his death.

On August 17, 1987, Mr. Jackson apparently worked all day at the barber shop where he was employed. A co-employee testified that Mrs. Jackson called four or five times that day and sounded very angry. Mr. Jackson left work around 6:15 p.m. and arrived at the apartment at approximately 6:30 p.m. He dropped Christie off at her godparents' house and told her he was going to see what her mother wanted and would return soon. Christie's friend dropped her off at her mother's house approximately 10 to 20 minutes later. Police cars were already on the scene.

At approximately 7:00 p.m., the Greenville County Sheriff's Department received a call from Mrs. Jackson indicating that a person had been shot. When the officer arrived, he found Mr. Jackson lying face down in a pool of blood right inside the front screen door. Mrs. Jackson was sitting in a

chair beside the phone smoking a cigarette. A shotgun with a spent shell casing was found in the house.

The autopsy revealed that Mr. Jackson died from three gunshot wounds. He received one wound to the chest and two in the back of the head. The head wounds were received from shots fired from less than ten feet away.

Mrs. Jackson testified that she did not ask Mr. Jackson to come to see her. She stated that he had cancelled the insurance on her car and she was upset because she had totalled her car the previous week. Jackson said she called her husband twice on August 17 to discuss the cancellation of the insurance. She stated that she thought he was goind to call her after work.

Jackson testified that she had the shotgun sitting on the floor next to her because she carried the gun around for protection. When Mr. Jackson came through the door, Mrs. Jackson testified that he reached toward his pocket and said "I come to kill you, bitch." Mrs. Jackson remembers firing one shot, but does not remember firing the two shots in the back of his head.

## LAW/ANALYSIS

Jackson argues that the trial judge erred when he refused to charge the jury that if they had a reasonable doubt between murder and manslaughter they had to resolve it in favor of the lesser offense. We agree.

The judge instructed the jury on their duty, the presumption of innocence, reasonable doubt, the offenses of murder and voluntary manslaughter and self defense. The trial judge denied defense counsel's request for the charge that the jury must find manslaughter if they had a reasonable doubt between the two offenses.

In *State v. King,* 158 S. C. 251, 155 S. E. 409 (1930), this Court set forth the rule that where the offenses of murder and manslaughter were submitted, the jury must be instructed to resolve any doubt about murder in favor of the lesser offense.

> The charge did not clearly and correctly instruct the jury, that, if they had a reasonable doubt as to whether the appellant was guilty of murder or manslaughter, it

was their duty to resolve that doubt in his favor and find him guilty of the lesser offense. It is plain that the rule of reasonable doubt requires that a defendant charged with murder, be extended the benefit of that doubt, when it is questionable that the crime committed by him was murder or manslaughter.

155 S. E. at 426.

In *State v. Patrick*, 289 S. C. 301, 345 S. E. (2d) 481 (1986), the offenses of murder and manslaughter were submitted to the jury. On appeal, the defendant contended that the trial court erred in failing to instruct the jury that any reasonable doubt must be resolved in favor of manslaughter. This Court specifically noted that the defendant "would have been entitled to such a charge if he had requested it." 345 S. E. (2d) at 484. The Court held, however, that it was not error for the court to refrain from giving the charge *sua sponte*. The Court reasoned that the jury was instructed that they could not find the defendant guilty of murder unless the state proved each element of that offense beyond a reasonable doubt.

First, we reject the State's contention that Jackson was not entitled to have voluntary manslaughter submitted to the jury and therefore has no standing to complain about the instructions regarding voluntary manslaughter. The evidence presented could support the elements of that offense and therefore it was properly submitted to the jury.

Secondly, we find that in light of *King* and *Patrick*, it was error for the trial judge to refuse to charge the requested instruction.

Having reversed this case on the first issue, we need not address Jackson's remaining exception.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.