23222

Eugene CARTER, Petitioner v. STATE of South Carolina, Respondent.

(392 S.E. (2d) 184)

Supreme Court

*Asst. Appellate Defenders Daniel T. Stacey* and *Franklin W. Draper,* of *South Carolina Office of Appellate Defense;* and *John D. Elliott,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for respondent.*

Submitted March 20, 1990.

Decided May 29, 1990.

CHANDLER, Justice:

Eugene Carter (Carter) was convicted of murder and sentenced to life imprisonment. In this post-conviction proceeding (PCR),[1] he alleges ineffective assistance of counsel. We agree and reverse.

## FACTS

On April 8, 1982, Carter went to the home of Lloyd Mosley (Victim). A dispute arose between the two, resulting in Victim's striking Carter and forcefully ejecting him from the house. Carter went to his car, returned with a knife, and fatally stabbed Victim.

At Carter's trial for murder, his counsel:

(1) Failed to object to a malice charge proscribed by *State v. Elmore;*[2]

(2) Failed to object to improper comments of the Solicitor;

---

[1] This Court reversed the summary dismissal of Carter's second PCR application and remanded for a full hearing. *Carter v. State,* 293 S.C. 528, 362 S.E. (2d) 20 (1987).

[2] 279 S.C. 417, 308 S.E. (2d) 781 (1983).

(3) Failed to request the charge on murder v. manslaughter required by *State v. King;*[3]

(4) Failed to impeach the credibility of State's witnesses who had been convicted of crimes involving moral turpitude;

(5) Waived his right to make an opening statement.

At PCR, Counsel explained the foregoing omissions as an effort to avoid antagonizing the Trial Court in the "hope" that Carter would receive a sentence concurrent to one he was then serving.

## DISCUSSION

We address two patent omissions of counsel which clearly establish ineffective assistance, mandating a new trial.

## I. MALICE CHARGE

The trial Judge charged the jury that "one man using or employing a deadly weapon, deliberately and intentionally, without just cause or excuse, takes the life of another, malice would be presumed or implied." Another portion of the charge substantially reiterates this language.

A mandatory presumption of malice charge, rather than one creating a permissive inference, constitutes reversible error. *State v. Elmore, supra.* Although Carter was tried prior to *Elmore,* we recently held that "such a mandatory presumption has been prohibited at least since 1979, when *Sandstrom v. Montana*[4] was decided." *See, High v. State,* — S.C. —, —, 386 S.E. (2d) 463, 464 (1989).

While such a charge is subject to a harmless error analysis, *Rose v. Clark,* 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. (2d) 460 (1986), the analysis is inappropriate where, as here, there is evidence from which the jury could find the defendant guilty of the lesser offense of voluntary manslaughter. Voluntary manslaughter is expressly defined as "the unlawful killing of another *without* malice," S.C. Code Ann. § 16-3-50 (1985) (Emphasis supplied), so that a charge creating a mandatory presumption of malice precludes

---

[3] 158 S.C. 251, 155 S.E. 409 (1930).
[4] 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979).

manslaughter, clearly prejudicing the defendant.

We, therefore, find counsel ineffective in failing to object to this charge.

## II. MURDER v. MANSLAUGHTER

In *King* we held that where the offenses of murder and manslaughter are submitted, the jury must be instructed that "if they had a reasonable doubt as to whether the appellant was guilty of murder or manslaughter, it was their duty to resolve that doubt in his favor, and find him guilty of the lesser offense." 158 S.C. at 297, 155 S.E. at 426. *See, also, State v. Jackson*, 389 S.E. (2d) 650 (S.C. 1990). As both crimes were submitted to the jury, counsel was ineffective in failing to request the *King* charge.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.