1537

The STATE, Respondent v. Prayther Evonne CLIFTON, Appellant.

(396 S.E. (2d) 831)

Court of Appeals

*Jack B. Swerling* and *Jennifer Kneece Shealy,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard June 7, 1990.

Decided Aug. 27, 1990.

SANDERS, Chief Judge:

Defendant Prayther Evonne Clifton was convicted of possession of cocaine and possession with intent to distribute crack cocaine. The trial judge sentenced her to imprisonment for two years on the first offense and for fifteen years on the second. We affirm in part, reverse in part and remand.

## I

The defendant first argues that the trial judge erred in denying her motion to suppress evidence seized pursuant to a search warrant. The evidence seized consisted of, among other things, a small amount of powdered cocaine and several grams of crack cocaine. The warrant was issued by a magistrate based on an affidavit containing information allegedly supplied by a confidential informant. The defendant argues that the affidavit failed to state facts sufficient to establish probable cause in that it did not contain information establishing the reliability and basis of knowledge of the informant. She further argues that the information set out in the affidavit was stale. The affidavit, signed by a law enforcement officer, stated:

> Within the past ten (10) days a confidential and reliable informant of the Richland County Sheriff's Department has observed crack stored in the above location. Within

the past seventy-two (72) hours this source has received verbal confirmation that crack is presently being stored at this location. Due to the totality of the information, agents believe that crack is currently stored in the above-described residence. Informant is reliable in that it has furnished information on five (5) occasions which has led to one (1) arrest.

In deciding whether to issue a search warrant, the task of the magistrate is to make a practical, common sense decision whether, under the totality of the circumstances set forth in the affidavit, including the veracity of the person supplying the information and the basis of his or her knowledge, there is a fair probability that evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L. Ed. (2d) 527 (1983). The task of a court reviewing a decision to issue a search warrant is simply to decide whether the issuing magistrate had a substantial basis for concluding that probable cause existed. *Id.*

In our opinion, the affidavit stated facts sufficient to establish probable cause. The basis of the knowledge of the informant is clear. According to the affidavit, the informant actually saw the crack cocaine on the premises. The affidavit characterizes the informant as "reliable." A basis for the characterization is given, i.e., that the informant worked with law enforcement in the past, furnishing information on previous occasions which led to an arrest. The fact that the informant may have seen the cocaine as long ago as ten days before the warrant was issued does not render the information invalid as the basis for the warrant. The existence of probable cause cannot be determined by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the warrant. *United States v. Johnson*, 461 F. (2d) 285 (10th Cir. 1972). Rather, the nature of the unlawful activity must also be considered. *Id.* "[W]here the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." *Id.* at 287. Significantly, the affidavit in the instant case states that the informant observed crack cocaine stored on the premises, not merely present there. Under all the circumstances, the magistrate was justified in

concluding there was at least a fair probability that the crack cocaine observed ten days earlier was still there at the time the warrant was issued.

For these reasons, we reject the arguments of the defendant and hold that the trial judge did not err in denying her motion to suppress the evidence seized pursuant to the search warrant.

## II

The defendant next argues that the trial judge erred in refusing to instruct the jury that, if there was a reasonable doubt as to whether she was guilty of the lesser offense of possession of crack cocaine or the greater offense of possession with intent to distribute crack cocaine, the doubt must be resolved in her favor.

The trial judge gave the standard instruction that the State has the burden of proving "all elements of each crime beyond every reasonable doubt and any doubt that you may have in your deliberations should be resolved in favor of the defendants." She refused, however, to instruct the jury specifically that any reasonable doubt as to whether the defendant was guilty of the lesser offense or the greater offense must be resolved in favor of the defendant.

The decision on this issue is controlled by the holding of our Supreme Court in *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930), recently reiterated in *Carter v. State of South Carolina*, 301 S.C. 396, 392 S.E. (2d) 184 (1990). There, the Court held:

> Where the offenses of murder and manslaughter are submitted, the jury must be instructed that "if they had a reasonable doubt as to whether the appellant was guilty of murder or manslaughter, it was their duty to resolve that doubt in his favor, and find him guilty of the lesser offense."

*Id.*, 392 S.E. (2d) at 185. In our opinion, these cases cannot be distinguished from the instant case.

For this reason, we reverse the conviction of the defendant on the charge of possession with intent to distribute crack cocaine and remand the case for a new trial on that charge.

## III

The defendant further argues that the trial judge erred in not granting her motions for a mistrial based on instances where the solicitor asked improper questions. It is unnecessary for us to address her arguments.

As we have said, the defendant was convicted of two separate crimes: (1) possession of cocaine and (2) possession with intent to distribute crack cocaine. If the trial judge erred in not granting a mistrial, the remedy to which the defendant would ordinarily be entitled is a new trial. We have already decided that the defendant is entitled to a new trial on the second offense. Therefore, the issue of whether the trial judge should have granted a mistrial is moot as to that offense. "[I]ssues which have become moot are not a proper subject of review." *Nolas Trading Co., Inc. v. South Carolina Dept. of Health and Envtl. Control,* 289 S.C. 345, 347, 345 S.E. (2d) 507, 508 (1986).

Nor is it necessary for us to decide whether the defendant is entitled to a new trial on the first offense. At trial, the defendant admitted she was guilty of possession of cocaine and testified she was willing to plead guilty to that offense. Where, as here, a defendant voluntarily takes the witness stand and testifies that she committed a particular crime, one trial to decide whether she is, in fact, guilty of having committed that crime is enough. *Cf. State v. Howard,* 296 S.C. 481, 374 S.E. (2d) 284 (1988) (any error in failing to grant a mistrial when a codefendant referred to another possible homicide committed by a defendant charged with murder was harmless where the record clearly supported the conviction); *Whetsell v. State,* 276 S.C. 295, 277 S.E. (2d) 891 (1981) (review of trial error is unnecessary where a defendant, after conviction, admitted guilt in open court); *State v. Sroka,* 267 S.C. 664, 665, 230 S.E. (2d) 816, 817 (1976) ("[T]he guilt of the appellant is conclusively shown by the record and any alleged error could not have been prejudicial. Any doubt about the correctness of this conclusion is eliminated by the admission of appellant in open court, after conviction and during the presentence inquiry. . . .").

Accordingly, we affirm the conviction of the defendant for possession of cocaine.

## IV

The defendant finally argues that the trial judge erred in construing the statute under which she was convicted for possession with intent to distribute crack cocaine. The statute in question is S.C. Code Ann. § 44-53-375 (Supp. 1989). The trial judge construed the statute as disallowing a suspended sentence, indicating she would not sentence the defendant to fifteen years if she were not required to do so by the statute. The defendant argues that the statute is ambiguous. Her argument is without merit.

Subsection (B) of the statute requires that any person who possesses with intent to distribute crack cocaine "upon conviction, for a first offense must be sentenced to a term of imprisonment for not less than fifteen years. . . ." Subsection (C) clearly provides that, except for a first offense where the amount of crack cocaine is less than one gram, "sentences for violation of the provisions of this section may not be suspended and probation may not be granted."

In summary, we affirm the conviction of the defendant for possession of cocaine, reverse the conviction for possession with intent to distribute crack cocaine and remand the case for a new trial on that charge.

Affirmed in part, reversed in part and remanded.

GARDNER and CURETON, JJ., concur.