23572

The STATE, Respondent v. Joseph H. ROBINSON, Petitioner.

(414 S.E. (2d) 142)

Supreme Court

---

*James H. Price, III*, Greenville, *Elizabeth C. Fullwood*, Lexington, and *South Carolina Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold H. Coombs, Jr.* and *Miller W. Shealy, Jr.*, Columbia, and *Sol. Joseph J. Watson*, Greenville, *for respondent.*

Heard Jan. 7, 1992.

Decided Feb. 10, 1992.

HARWELL, Chief Justice:

We granted petitioner Joseph H. Robinson's application for writ of certiorari to review, among other things, the Court of Appeals' disposition[1] of the trial judge's alleged error in refusing to instruct the jurors that if they had a reasonable doubt as to whether petitioner was guilty of murder or voluntary manslaughter, they must resolve that doubt in favor of the lesser offense. We reverse and remand for a new trial.

## I. FACTS

The facts are taken from petitioner's testimony. Early in the morning of January 26, 1989, petitioner and his fiancee (the victim) left a bar around closing time. They got into an argument outside of petitioner's car which continued until they returned to their apartment. The victim then went to bed, followed shortly thereafter by petitioner. The victim continued to quarrel with petitioner and to hit him. Petitioner reached under the bed, grabbed a buck knife with a four inch blade, and killed the victim.

Petitioner was tried by a jury and convicted of murder. The Court of Appeals found that the trial judge did not err in

---

[1] *State v. Robinson*, Op. No. 91-UP-046 (Ct. App. filed Feb. 28, 1991), affirming petitioner's conviction.

refusing to charge the jurors that if they had a reasonable doubt as to whether petitioner was guilty of murder or voluntary manslaughter, they should resolve the doubt in favor of the lesser offense of voluntary manslaughter.

## II. DISCUSSION

Petitioner asserts that the Court of Appeals erred in finding that the trial judge did not err in refusing to instruct the jurors that if they had a reasonable doubt as to whether petitioner was guilty of murder or voluntary manslaughter, they should resolve that doubt in his favor, and find him guilty of the lesser offense. We agree.

The trial judge charged the jury regarding reasonable doubt. He then charged the jurors that:

> if from the evidence in this case [they had] a reasonable doubt as to whether or not the [petitioner was] guilty of murder . . ., it would be [their] duty to acquit him of that. If from the evidence [they had] a reasonable doubt as to whether or not the [petitioner was] guilty of manslaughter . . ., it would be [their] duty to acquit him of manslaughter.

In *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930), we held that the trial judge erred in similarly instructing the jurors that if they had a reasonable doubt as to the defendant's guilt, they had a duty to acquit him. We concluded that the charge at issue in *King* "did not clearly and correctly instruct the jury, that, if they had a reasonable doubt as to whether the appellant was guilty of murder or manslaughter, it was their duty to resolve that doubt in his favor, and find him guilty of the lesser offense." *Id.* at 297, 155 S.E. at 426. We have reiterated several times that it is important for the jury to understand this responsibility. *See State v. Jackson*, 301 S.C. 41, 389 S.E. (2d) 650 (1990); *State v. Patrick*, 289 S.C. 301, 345 S.E. (2d) 481 (1986).

Petitioner requested and was entitled to a charge instructing the jury to resolve any reasonable doubt as to whether he was guilty of murder or voluntary manslaughter in favor of the lesser offense of voluntary manslaughter. We hold that the trial judge erred in refusing to so charge the jury. Accord-

ingly, we reverse the Court of Appeals' holding that the trial judge did not err, and remand for a new trial.

Reversed and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.