23834

The STATE, Respondent v. Joseph O. GORUM, Appellant.

(428 S.E. (2d) 884)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz, III,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald M. Coombs, Jr.,* and *James W. Rion, Jr.,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard March 9, 1993; Decided April 5, 1993.

Reh. Den. May 5, 1993.

FINNEY, Justice:

Appellant Joseph O. Gorum was convicted of murder and possession of a firearm during the commission of a violent crime. He was sentenced to life imprisonment for murder and five years imprisonment for possession of the firearm. We reverse and remand.

On Saturday, March 2, 1991, as appellant was entering the convenience store he owned jointly with his wife, he discovered his wife, Dianne Gorum, and his best friend Billy Ray Williams, together *in flagrante delicto*. Appellant was also informed in the store that the two had been involved in an affair for over four years. After closing the store, Williams and Mrs. Gorum rode with appellant as he finished other work-related business. After the three conversed at the Gorum's house and later after talking alone with his wife, the appellant was led to believe that the difficulty had been resolved. At trial, however, testimony was presented that the appellant slept with a gun between himself and Mrs. Gorum that night. The following day after meeting with Williams, Mrs. Gorum informed the appellant that she was leaving with Williams. Mrs. Gorum and two of her and appellant's sons left with Williams that Sunday afternoon.

According to appellant, Mrs. Gorum telephoned him at approximately three o'clock Monday morning and promised to return and resume normal family relations if appellant would bail two of their sons out of jail later that morning. Appellant agreed and met his wife at 8:00 a.m. They and another one of their sons stopped for breakfast, and appellant assured his wife that he had the bail money. Appellant and his wife then proceeded separately to the bail bondsman's office.

Appellant testified that as they were preparing to enter the bondsman's office, Mrs. Gorum stated, "I want to go in here and I want to get these boys out on bond. I'm not going to mislead you anymore. I am not coming back to you." Appellant exclaimed, "You double-crossing bitch," took a gun out of his pocket and fired five to six shots, killing his wife. Appellant then willingly surrendered to the police.[1]

---

[1] Appellant claims to have no memory of the events that transpired after the first shot.

On appeal, the appellant raises three issues; 1) that the trial judge erred by refusal to instruct the jury that words of information, as distinguished from mere words, could constitute adequate legal provocation so as to reduce murder to voluntary manslaughter; 2) that the trial judge erred by instructing the jury that the law *implies* malice from the use of a deadly weapon; and 3) that the trial judge erred by refusing to instruct the jury that if they had a reasonable doubt as to whether appellant was guilty of murder or manslaughter, they had the duty to resolve that doubt in favor of manslaughter.

Initially, we address appellant's assertion that the trial judge erred in refusing to instruct the jury that a reasonable doubt as to appellant's guilt of murder or manslaughter had to be resolved in favor of manslaughter.

After finding that evidence was presented entitling appellant to a voluntary manslaughter charge and delivering such an instruction, the trial judge charged.

> [I]f from the evidence in this case you have a reasonable doubt as to whether or not this defendant is guilty as charged in the indictment, that is, of murder, it would be your duty to acquit him of murder and move on to consider the issue of manslaughter. If, after considering manslaughter, you have a reasonable doubt as to his guilt of that, it would be your duty to acquit him of that and find him not guilty.

In *State v. Robinson,* — S.C. —, 414 S.E. (2d) 142 (1992), we held that a virtually identical charge violated the holding in *State v. King,* 158 S.C. 251, 155 S.E. 409 (1930). In *King,* this Court concluded that a charge must clearly and correctly instruct the jury that if they have a reasonable doubt as to whether the appellant was guilty of murder or manslaughter, it was their duty to resolve that doubt in his favor and find him guilty of the lesser offense.

As in *Robinson,* the appellant in the present case requested and was entitled to a charge instructing the jury that it was their duty to resolve any reasonable doubt as to whether the defendant was guilty of murder or voluntary manslaughter in favor of a lesser offense of voluntary manslaughter. Therefore, we reverse appellant's conviction and remand for a new trial.

In view of our disposition of the above point of law, we find it unnecessary to address the remaining issues.

Reversed and remanded.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.