23905

Richard Lee CHALK, Petitioner v. STATE of South Carolina, Respondent.
(437 S.E. (2d) 19)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz, III, S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen Joseph. D. Shine, Asst. Attys. Gen. Delbert H. Singleton, Jr.,* and *Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted May 19, 1993.

Decided July 19, 1993.

*Per Curiam:*

We granted certiorari to review the circuit court's denial of petitioner's application for postconviction relief (PCR). We agree with petitioner's contention that trial counsel was ineffective in failing to request a *King*[1] charge and a self-defense charge pursuant to *State v. Hendrix.*[2] We reverse the denial of PCR and remand for a new trial.

---

[1] *State v. King,* 158 S.C. 251, 155 S.E. 409 (1930).
[2] 270 S.C. 653, 244 S.E. (2d) 503 (1978).

Petitioner was charged with murder. Based on the evidence adduced at trial the jury was charged on murder, manslaughter, and self-defense. The first issue is whether trial counsel was ineffective for failing to ask the jury be instructed that it resolve any reasonable doubt whether petitioner was guilty of murder or of manslaughter in favor of the lesser offense of manslaughter. This type of charge is referred to as a *King* charge since it is based on this Court's holding in a 1930 decision, *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930). *See, e.g., State v. Gorum*, — S.C. —, 428 S.E. (2d) 884 (1993); *Carter v. State*, 301 S.C. 396, 392 S.E. (2d) 184 (1990).

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must show both that counsel's performance was unreasonable and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). The PCR judge's findings will be upheld by this Court when they are supported by any competent evidence in the record. *Cherry v. State, supra.*

The State concedes that petitioner was entitled to a *King* charge, but contends counsel should not be found ineffective since this Court had not held an attorney ineffective for failing to request such a charge until three months after petitioner's trial when *Carter v. State, supra*, was filed. *Cf., Robinson v. State*, 308 S.C. 74, 417 S.E. (2d) 88 (1992) (trial counsel not ineffective for failing to request charge on battered woman syndrome in 1980 when theory was not well known at time). The PCR judge agreed with the State's reasoning. We reverse.

Petitioner's entitlement to a *King* charge is not based on the 1990 *Carter* decision, but rather on the 1930 *King* opinion. Accordingly, there is no evidence to support the PCR judge's finding on this issue and we therefore reverse.

We need not address the self-defense issue here in light of our decision on the *King* charge, but simply note that on the facts adduced at the first trial, counsel was ineffective for failing to request a self-defense charge based on *State v. Hendrix*, 270 S.C. 653, 244 S.E. (2d) 503 (1978). Accordingly, the circuit court order denying petitioner postconviction relief is

Reversed and remanded.