24383

Walter BELL, Respondent v. STATE of South Carolina, Petitioner.

(467 S.E. (2d) 926)

Supreme Court

*T. Travis Medlock, Attorney General, J. Emory Smith, Deputy Attorney General, Teresa Nesbitt Cosby, Assistant Attorney General* and *Teresa A. Knox, Assistant Attorney General*, Columbia, *for petitioner.*

*Lesley M. Coggiola, Assistant Appellate Defender,* of *South Carolina Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Dec. 7, 1995.

Decided Mar. 4, 1996.

*Per Curiam:*

## FACTS

Bell was arrested and charged with the murders of his estranged wife, Carrie Bell, and her longtime friend, Amos Franklin. The trial judge reluctantly granted trial counsel's request to charge voluntary manslaughter. Thereafter, Bell was granted PCR based upon counsel's ineffective assistance in failing to request a *King* charge.[1] The State contends there was no evidence to support submission of manslaughter to the jury such that Bell was not prejudiced from the lack of a *King* charge. We agree.

## DISCUSSION

The burden of proof as to the allegations contained in a PCR application lies with the applicant. *Butler v. State,* 286 S.C. 441, 334 S.E. (2d) 813 (1985). Allegations of in-

---

[1] *State v. King,* 158 S.C. 251, 155 S.E. 409 (1930) (if jury has a reasonable doubt between the offenses of murder and manslaughter, it must resolve the doubt in the defendant's favor).

effective assistance of counsel must be supported by proof that counsel was deficient in his performance and that this deficiency resulted in prejudice to the applicant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984). Where there is no evidence to support an instruction on a lesser-included offense, a PCR applicant cannot show prejudice from the failure to request a *King* charge. *Gilmore v. State*, 314 S.C. 453, 445 S.E. (2d) 454 (1994). *See also State v. Gadsden*, 314 S.C. 229, 442 S.E. (2d) 594 (1994).

Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. *State v. Lowry*, 315 S.C. 396, 434 S.E. (2d) 272 (1993). "Sudden heat of passion upon sufficient legal provocation" that mitigates a felonious killing to manslaughter must be such as would naturally disturb the sway of reason, and render the mind of an ordinary person incapable of cool reflection, and produce what, according to human experience, may be called "an uncontrollable impulse to do violence." *State v. Gardner*, 219 S.C. 97, 64 S.E. (2d) 130 (1951). Adultery may, in some instances, serve as sufficient legal provocation. *State v. Gadsden, supra.*

The present record reveals that one week prior to the murders, Bell threw his wife Carrie and her daughter out of the house. On the night of the murders, Bell went to the home where Carrie was staying with relatives. She was sitting outside in a van talking to her friend Amos Franklin. Bell began to beat her. Carrie's daughter called police and Bell left. After police left, Bell returned and shot Franklin as he exited the van. He then chased Carrie into the house and shot her.[2]

There is absolutely no evidence in the record that Carrie and Amos had anything other than a platonic relationship or that they were engaged in an adulterous affair. Likewise, there is no evidence Bell was jealous in finding Carrie with Franklin. On the contrary, the only evidence is that Franklin was a longtime family friend, and Bell admitted that he was not mad that Carrie was in the van with Franklin.

The evidence in this case does not demonstrate sufficient legal provocation to warrant submission of voluntary man-

---

[2] Bell's defense was alibi. However, several witnesses placed him at the scene of the crime.

slaughter to the jury. *Cf. State v. Takis*, 204 S.C. 140, 28 S.E. (2d) 679 (1944). Accordingly, Bell was not prejudiced by the lack of a *King* charge. The grant of PCR is therefore reversed.

Reversed.