520 S.E.2d 614

**Herman BRIGHTMAN, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24990.

Supreme Court of South Carolina.

Submitted March 16, 1999.

Decided Aug. 23, 1999.

Assistant Appellate Defender Robert M. Dudek, of Columbia, for petitioner.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for respondent.

MOORE, Justice:

Petitioner Herman Brightman was convicted of possession with intent to distribute (PWID) crack cocaine and sentenced to 12 years.[1] We granted petitioner a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We reverse.

## ISSUE

Did the PCR judge err in finding trial counsel was not ineffective for failing to request a King[2] charge?

## DISCUSSION

At trial, trial counsel requested a jury charge on the lesser included offense of simple possession. The trial judge granted petitioner's request. Trial counsel, however, did not request a King charge. Petitioner contends his trial counsel was ineffective for failing to request a King charge. We agree.

A defendant is entitled to a King charge if a lesser included charge is given. State v. King, supra. However, the State contends petitioner has not shown trial counsel was ineffective for failing to request a King charge because petitioner was not entitled to the charge on simple possession. Where there is no evidence to support an instruction on a lesser-included offense, a PCR applicant cannot show prejudice from the failure to request a King charge. Bell v. State, 321 S.C. 238, 467 S.E.2d 926 (1996). A trial judge must charge a lesser included offense if there is evidence from which it can be inferred that the defendant committed the

---

**1.** His direct appeal was denied. State v. Brightman, Op. No. 95–MO–249 (S.C.Sup.Ct. filed August 14, 1995)

**2.** State v. King, 158 S.C. 251, 155 S.E. 409 (1930) (if jury has a reasonable doubt between lesser and greater offenses, it must resolve the doubt in the defendant's favor).

lesser rather than the greater offense. *State v. Drafts*, 288 S.C. 30, 340 S.E.2d 784 (1986).

■ S.C.Code Ann. § 44-53-375(B) (Supp.1998) states: "Possession of one or more grams of ice, crank, or crack cocaine is prima facie evidence of a violation of this subsection." This statutory language creates a permissible inference which the jury may accept or reject as a conviction of PWID does not hinge upon the amount involved. *State v. Adams*, 291 S.C. 132, 352 S.E.2d 483 (1987) (citing *State v. Simpson*, 275 S.C. 426, 272 S.E.2d 431 (1980)).[3] Because the jury was free to reject the permissible statutory inference, the jury could have found petitioner guilty of the lesser included offense of simple possession.[4] Here, petitioner was entitled to the lesser included offense charge and trial counsel was ineffective for failing to also request a *King* charge. Thus, the PCR judge erred in denying petitioner relief.

■ We take this opportunity to revisit the continued propriety of the *King* charge. In *King*, the trial judge's charge had the effect of intimating the defendant was guilty of murder to the jury while eliminating any potential for the lesser included offense. The Court held:

The charge did not clearly and correctly instruct the jury, that if they had a reasonable doubt as to whether the

---

**3.** We note that we have held "[i]t is the amount of cocaine, rather than the criminal act, which triggers the *trafficking* statute, and distinguishes trafficking from distribution and simple possession. If the amount of cocaine, or any mixture containing cocaine, is ten grams or more the trafficking statute is applied." *State v. Raffaldt*, 318 S.C. 110, 117, 456 S.E.2d 390, 394 (1995) (emphasis added). However, this decision was based upon the statutory language in the trafficking statute which provides that a possession of certain weights of drugs is trafficking rather than merely creating a permissible inference.

**4.** In *Gilmore v. State*, 314 S.C. 453, 445 S.E.2d 454 (1994) (Finney, J., dissenting), we held trial counsel was not ineffective for failing to request a *King* charge because the defendant was not entitled to the lesser included offense in the first instance. We stated that the drugs recovered weighed more than the permissible statutory inference for the greater offense of PWID and, therefore, the record did not support an instruction on the lesser included charge of simple possession. *Gilmore* converted the statutory inference into an impermissible presumption. Thus, to the extent that *Gilmore* is inconsistent with this opinion, it is hereby overruled.

> appellant was guilty of murder or manslaughter, it was their duty to resolve the doubt in his favor, and find him guilty of the lesser offense. It is plain that the rule of reasonable doubt requires that a defendant charged with murder, be extended the benefit of that doubt, when it is questionable that the crime committed by him was murder or manslaughter.

155 S.E. at 426. As we noted in *Gilmore v. State*, "[t]his language makes it readily apparent that the *King* charge stemmed from the 1930 legal definition of 'reasonable doubt.' The legal definition of 'reasonable doubt' has gone through significant modification and revision since 1930, and an argument could now be made that the *King* charge is unnecessary and archaic. *See Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994)." 445 S.E.2d at 456 & n. 1. We have endorsed the definition of reasonable doubt set forth in Justice Ginsburg's concurring opinion in *Victor v. Nebraska. State v. Darby*, 324 S.C. 114, 477 S.E.2d 710 (1996). We now think the time has come to overrule *King*. The *King* charge is unnecessary in light of the modern general reasonable doubt charge which instructs the jury to resolve doubts in favor of the defendant.[5]

**REVERSED.**

TOAL, WALLER, and BURNETT, JJ., concur.

FINNEY, C.J., concurring in part and dissenting in part in a separate opinion.

---

**5.** The following cases are hereby overruled to the extent that they hold it is reversible error to fail to give the *King* charge when there is evidence to support a charge on a lesser included offense. *Bell v. State,* 321 S.C. 238, 467 S.E.2d 926 (1996); *State v. Gorum,* 311 S.C. 332, 428 S.E.2d 884 (1993); *Chalk v. State,* 313 S.C. 25, 437 S.E.2d 19 (1993); *State v. Davis,* 309 S.C. 326, 422 S.E.2d 133 (1992); *State v. Robinson,* 307 S.C. 169, 414 S.E.2d 142 (1992); *Carter v. State,* 301 S.C. 396, 392 S.E.2d 184 (1990); *State v. Jackson,* 301 S.C. 41, 389 S.E.2d 650 (1990); *State v. Patrick,* 289 S.C. 301, 345 S.E.2d 481 (1986); *State v. McLaughlin,* 208 S.C. 462, 38 S.E.2d 492 (1946). *See also State v. Franklin,* 310 S.C. 122, 425 S.E.2d 758 (Ct.App.1992); *State v. McCall,* 304 S.C. 465, 405 S.E.2d 414 (Ct.App.1991); *State v. Clifton,* 302 S.C. 431, 396 S.E.2d 831 (Ct.App.1990).

FINNEY, Chief Justice:

I concur with the majority opinion insofar as it overrules *Gilmore v. State,* 314 S.C. 453, 445 S.E.2d 454 (1994), and grants petitioner a new trial, but I dissent from the majority's decision to overrule *State v. King,* 158 S.C. 251, 155 S.E. 409 (1930).

The majority's decision to overrule *King* is predicated on the assertion that the "modern general reasonable doubt charge . . . instructs the jury to resolve doubts in favor of the defendant." In *State v. Manning,* 305 S.C. 413, 409 S.E.2d 372 (1991), we urged the trial courts of this State to limit the jury charge **defining** reasonable doubt to "the kind of doubt which would cause a reasonable person to hesitate to act." *Id.,* 305 S.C. at 417, 409 S.E.2d at 375. I find no "endorsement" of Justice Ginsburg's **suggested** reasonable doubt charge in *State v. Darby,* 324 S.C. 114, 477 S.E.2d 710 (1996). In *Darby,* we noted in footnote 1 that the trial judge gave an instruction derived from the Ginsburg suggested charge, and further stated "some courts have expressly approved this charge as the **definition** of reasonable doubt to be given within their jurisdiction." *Id.,* 324 S.C. at 116, 477 S.E.2d at 711 (emphasis added). This Court did not either expressly or impliedly approve the charge derived from the Ginsburg suggested charge. We merely held that the reasonable doubt charge was not erroneous. *See also State v. Needs,* 333 S.C. 134, 508 S.E.2d 857 (1998) (in footnote 12, Court recites alternative versions of reasonable doubt charge, noting neither is mandatory, and that the trial judge may decline any definitional charge).

In my view, a general charge on the definition of reasonable doubt is explicitly distinct from an instruction on the application of the principle of reasonable doubt where lesser included offenses are involved. The recent changes in the jury charge **definition** of reasonable doubt do not alter the necessity of the *King* charge. That charge does not define reasonable doubt, but instead instructs the jury on the **application** of this fundamental principle of criminal law in a case where the defendant faces charges of both greater and lesser included offenses. I am persuaded that the ends of justice require that where there is doubt as between the greater or lesser included

354

offenses, a jury must be instructed that such doubt should be resolved in favor of the defendant as to the lesser included offense. Hence, the *King* charge remains an indispensable part of our criminal jurisprudence.

For the reasons given above, I respectfully concur in part and dissent in part.