THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Donald Roberts,       
Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2003-UP-444
Heard May 14, 2003  Filed June 26, 
 2003   

AFFIRMED

 
 
 
Tara Dawn Shurling, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 Senior Assistant Attorney General Norman Mark Rapoport, of Columbia; Solicitor 
 John Gregory Hembree, of Conway; for Respondent.
 
 
 

PER CURIAM:  Donald Roberts appeals his convictions 
 for kidnapping, criminal sexual conduct, and possession of a firearm by a person 
 convicted of a violent crime.  We affirm.
We affirm Robertss convictions pursuant to Rule 
 220(b)(2), SCACR, and the following authorities:  State v. Perry, 279 
 S.C. 539, 540, 309 S.E.2d 9, 10 (1983) (holding that a trial court reviewing 
 a motion for a directed verdict is concerned only with the existence of evidence, 
 not its weight); State v. Butler, 277 S.C. 452, 457, 290 S.E.2d 1, 4 
 (1982) (holding that the trial court reviews the evidence in the light most 
 favorable to the State and will deny a motion for a directed verdict if any 
 evidence, direct or circumstantial, tends to prove the guilt of the accused), 
 overruled on other grounds by State v. Torrence, 305 S.C. 45, 
 406 S.E.2d 315 (1991); State v. Mathis, 287 S.C. 589, 593, 340 S.E.2d 
 538, 541 (1986) (citing S.C. Code Ann. § 16-3-651(h) (1976)) (holding that evidence 
 of intrusion is required to prove criminal sexual battery); State v. Burroughs, 
 328 S.C. 489, 495-96, 492 S.E.2d 408, 411 (Ct. App. 1997) (holding that 1) a 
 defendants denial at trial to even having consensual sex with the victim creates 
 a credibility issue between his and the victims version of events and 2) such 
 tests of credibility are not normally properly disposed of by directed verdict, 
 but are resolved by the jury); see, e.g., State v. Ham, 268 S.C. 
 340, 342, 233 S.E.2d 698, 698 (1977) (Where the determination of guilt is dependent 
 upon the credibility of the witnesses, a motion for a directed verdict is properly 
 refused.), cert. denied, 434 U.S. 1019 (1978); State v. Rosemond, 
 335 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999) (holding that the relevance, 
 materiality, and admissibility of photographs are matters within the trial courts 
 discretion and an appellate court will not disturb their introduction absent 
 a showing of abuse of discretion); State v. Tucker, 324 S.C. 155, 167, 
 478 S.E.2d 260, 266 (1996) (holding that a photograph should be excluded only 
 if it is calculated to arouse the jurys sympathy or prejudice or is irrelevant 
 or unnecessary to substantiate facts; however, if the photographs serve to corroborate 
 testimony, it is not an abuse of discretion to admit them); State v. Clifton, 
 302 S.C. 431, 433, 396 S.E.2d 831, 832 (1990) (holding that a magistrate deciding 
 whether to issue a search warrant must make a common sense decision, under the 
 totality of the circumstances set forth in the affidavit (including the veracity 
 of the person supplying the information and the basis of her knowledge), whether 
 a fair probability that evidence of a crime will be found in a particular place 
 (citing Illinois v. Gates, 462 U.S. 213 (1983)), overruled on other 
 grounds by Brightman v. State, 336 S.C. 348, 520 S.E.2d 614 (1999); 
 State v. Crane, 296 S.C. 336, 339, 372 S.E.2d 587, 588 (1988) (holding 
 that a magistrates probable cause determination is entitled to substantial 
 deference so that a reviewing court must only decide whether the magistrate 
 had a substantial basis for concluding that probable cause existed), accord 
 Clifton, 320 S.C. at 433, 396 S.E.2d at 832; and State v. Corns, 
 310 S.C. 546, 426 S.E.2d 324 (Ct. App. 1992) (upholding a warrant based on an 
 affidavit whose factual basis was sixty days old and noting that in looking 
 at the totality of the circumstances a magistrate may consider the characteristics, 
 including the consumable and incriminating nature, of the items sought in the 
 warrant).  
AFFIRMED.
GOOLSBY and HOWARD, JJ., and 
 BEATTY, A.J., concur.