THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Matthew W.
 Gilliard, III, #2, Appellant.
 
 
 

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2008-UP-565
 Submitted October 1, 2008  Filed October
13, 2008

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: Matthew
 W. Gilliard, III, appeals from a jury verdict finding him guilty of assault and
 battery with intent to kill, first-degree burglary, possession of a weapon
 during the commission of a violent crime, and possession of cocaine.  Gilliard
 argues the trial court erred by denying his motions to (1) quash his grand jury
 indictment and (2) reinstruct the jury regarding reasonable doubt.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:
1. Regarding
 Gilliards motion to quash the indictments: State v. Gentry, 363 S.C. 93, 102-03, 610 S.E.2d 494, 500 (2005) (If
 the objection is timely made, the circuit court should judge the sufficiency of
 the indictment by determining whether (1) the offense is stated with sufficient
 certainty and particularity to enable the court to know what judgment to
 pronounce, and the defendant to know what he is called upon to answer and whether he may plead an
 acquittal or conviction thereon; and (2) whether it apprises the defendant of
 the elements of the offense that is intended to be charged.); Rule 1101(d)(2),
 SCRE (stating the Rules of Evidence are not applicable to grand jury proceedings). 
2. Regarding
 Gilliards motion to reinstruct the jury regarding reasonable doubt: Brightman
 v. State, 336 S.C. 348, 520 S.E.2d 614 (1999) (finding a King instruction,
 which provided that if a jury has reasonable doubt between lesser and greater
 offenses, it must resolve that doubt in the defendants favor, is no longer
 necessary now that the modern reasonable doubt charge instructs the jury to
 resolve doubts in favor of the defendant); Brown v. Stewart, 348 S.C.
 33, 53, 557 S.E.2d 676, 686 (Ct. App. 2001) (It is not error to refuse a request to charge
 when the substance of the request is included in the general instructions.); State
 v. Barksdale, 311 S.C. 210, 216, 428 S.E.2d 498, 502 (Ct. App. 1993) (When
 a jury requests an additional charge, it is sufficient for the court to charge only those matters necessary
 to answer the jurys request.).  
AFFIRMED.[1]
SHORT, THOMAS, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.