**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ricky S. Bowman, Appellant.

Appellate Case No. 2011-202926

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-132
Heard February 5, 2014 – Filed April 2, 2014

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

**PER CURIAM:** Ricky S. Bowman appeals his convictions for first-degree burglary, armed robbery, kidnapping, common law assault and battery of a high

and aggravated nature, and possession of a firearm during the commission of a violent crime, arguing the circuit court erred in (1) closing the courtroom for the testimony of certain State witnesses and (2) admitting two photographic lineup identifications.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Bowman's argument regarding closing of the courtroom: *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("An issue may not be raised for the first time on appeal, but must have been raised to the [circuit court] to be preserved for appellate review." (internal quotation marks omitted)); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("In order to preserve for review an alleged error[,] an objection should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the [circuit court]."); *In the Matter of Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled on by the [circuit] court to be preserved for appeal.").

2.  As to Bowman's argument regarding the photographic lineups:
*State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 447 (2000) (noting the two-prong inquiry requiring the circuit court to determine (1) whether the identification process was unduly suggestive and if so, (2) whether the out-of-court identification process was nevertheless so reliable that no substantial likelihood of misidentification existed); *State v. Davis*, 309 S.C. 326, 339, 422 S.E.2d 133, 141 (1992), *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999) (finding that a police officer's instruction to a witness to "see if she recognized anyone" did not render the lineup unduly suggestive because there was no suggestion the "officer in any manner insinuated which photograph belonged to [the defendant]" and "the [witness] was [clearly] aware that the reason she was requested to view the photographic lineup was because the police had a suspect"); *Clark v. State*, 515 S.E.2d 155, 162 (Ga. 1999) (finding that, while a police officer displaying a lineup to a victim or witness should avoid telling the person that the lineup contains the suspect, "such a statement does not make a lineup impermissibly suggestive since the very fact that a lineup is being conducted suggests that a suspect is contained therein"); *Rimmer v. State*, 825 So. 2d 304, 317 (Fla. 2002) (noting that "the fact that the police told

[the witness] prior to his viewing the physical lineup that they had included a suspect in the lineup does not taint [the witness]'s identification").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**