477 S.E.2d 710

The STATE, Respondent,

v.

Anthony DARBY a/k/a Anthony Levern Riggins, Appellant.

No. 24508.

Supreme Court of South Carolina.

Heard Sept. 18, 1996.
Decided Oct. 28, 1996.

Deputy Chief Attorney Joseph L. Savitz, III, of S.C. Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, Columbia; and Solicitor Dudley Saleeby, Jr., Florence, for respondent.

MOORE, Justice:

Appellant was convicted of murder, armed robbery, and first degree burglary for killing and robbing seventy-five-year-old Ervin Singletary in his home. Appellant challenges his convictions on the ground the trial judge's charge on reasonable doubt erroneously diluted the State's burden of proof. We disagree and affirm.

## FACTS

At trial, the trial judge defined reasonable doubt as "the kind of doubt that would cause a reasonable person to hesitate to act." This charge was approved by this Court in *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991), *cert. denied*, 503 U.S. 914, 112 S.Ct. 1282, 117 L.Ed.2d 507 (1992) (citing *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954)), and the United States Supreme Court in *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

After deliberations had begun, the jury returned with a question for the judge: "Give the defendant the benefit of the doubt. Is that different than beyond a reasonable doubt?" The trial judge then repeated the "hesitate to act" charge and added the following:

The State has the burden of proving the Defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases where you were told that [it] is only necessary to prove the fact is more likely true than not, such as by the greater weight or preponderance of the evidence. In criminal cases, the State's proof must be more powerful than that. It must be beyond a reasonable doubt.

Ladies and gentlemen, proof beyond a reasonable doubt is proof that leaves you *firmly convinced of the Defendant's guilt.* There are very few things in this world that we know with absolute certainty. And in criminal cases, the law does not require proof that overcomes every possible doubt. The law doesn't require that.

*If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty.* You must find him guilty. *If on the other hand you think there is a real*

*possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.*[1]

## DISCUSSION

Appellant complains the additional charge on reasonable doubt diluted the State's burden of proof by suggesting a defendant must prove "a real possibility" that he is not guilty.

Courts specifically addressing whether the "real possibility" language lessens the government's burden of proof have held it does not in the context of the preceding language requiring that the juror be "firmly convinced" of the defendant's guilt. *United States v. Conway*, 73 F.3d 975 (10th Cir.1995); *United States v. Williams*, 20 F.3d 125 (5th Cir.1994); *United States v. Taylor*, 997 F.2d 1551 (D.C.Cir.1993). We agree. Further, there is nothing in this language to suggest the defendant himself bears any burden of proof. *See United States v. Porter*, 821 F.2d 968 (4th Cir.1987) (burden not shifted where no burden specifically allocated on "real possibility" of guilt). Accordingly, we find no error.[2]

Appellant's remaining argument is affirmed pursuant to Rule 220(b), SCACR. *See State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923) (evidence of identity and motive); *State v. Williams*, 321 S.C. 455, 469 S.E.2d 49 (1996) (evidence of other crimes admissible as part of the res gestae of the pending offense if intimately connected with it).

**AFFIRMED.**

TOAL, A.C.J., WALLER and BURNETT, JJ., and JAMES W. JOHNSON, Jr., Acting Associate Justice, concur.

---

1. This charge is substantially the text of a proposed jury instruction developed by the Federal Judicial Center. It was cited with approval in Justice Ginsberg's concurring opinion in *Victor v. Nebraska, supra*. Some courts have expressly approved this charge as the definition of reasonable doubt to be given within their jurisdictions. *See e.g., United States v. Conway*, 73 F.3d 975 (10th Cir.1995); *United States v. Williams*, 20 F.3d 125 (5th Cir.1994).

2. We note the fact that this charge was given in response to a request from the jury does not impact our analysis. *See United States v. Reives*, 15 F.3d 42 (4th Cir.1994) (jury request does not affect validity of reasonable doubt charge). Further, *State v. Manning, supra*, does not mandate that only the hesitate to act language be used. *See State v. Longworth*, 313 S.C. 360, 438 S.E.2d 219 (1993).