503 S.E.2d 794

**The STATE, Respondent,**

**v.**

**Troy Cleveland LOWERY, Appellant.**

**No. 2868.**

Court of Appeals of South Carolina.

Submitted June 2, 1998.

Decided July 6, 1998.

Rehearing Denied Aug. 20, 1998.

C. Rauch Wise, of Wise & Tunstall, Greenwood, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Caroline C. Tiffin, Columbia; and Solicitor W. Townes Jones, IV, Greenwood, for respondent.

CURETON, Judge:

Troy Cleveland Lowery appeals his conviction of driving under the influence, third offense. The charge arose out of a single truck accident. We affirm.[1]

## FACTS

On November 9, 1995, a single truck accident occurred on a rural road in Laurens County. No one witnessed the accident. Marla Warning (Warning), a resident of the area, saw Lowery walking along the road near the truck immediately after the accident, and heard him ask a passing motorist for a ride home.

Warning testified she saw Lowery return to the scene shortly before the police arrived, at which time he appeared to be "roughed up" and disoriented. Trooper David Linehan (Linehan) testified he arrived at the scene to find several

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

people standing behind the truck. Linehan asked the group who was driving the truck, whereupon, Lowery raised his hand.

Linehan testified Lowery appeared to be intoxicated and had a strong odor of alcohol. He had cuts and abrasions on his face, hands, and body, and glass fragments in his hair. Lowery finally admitted he had a few beers. He explained the accident occurred when he came around a curve and saw deer in the road. Linehan testified the skid marks were inconsistent with Lowery's story. Lowery was unable to complete a field sobriety test. Linehan arrested Lowery and took him for a breathalyzer test. Lowery registered .11 on the test.

Linehan also testified the truck was registered to a construction company in Tennessee and Lowery had permission to operate the truck.

## DISCUSSION

### I. *Corpus Delicti*

Lowery argues the trial court erred in finding the state proved the *corpus delicti* of the crime of driving under the influence independent of the admission by Lowery that he was driving the truck.

> Before a defendant can be required to present a defense, the state must establish some proof of the *corpus delicti*. Moreover, a conviction based on a confession cannot stand unless corroborated by proof *aliunde* of the *corpus delicti*. In other words, the state must produce proof of the *corpus delicti* aside from the defendant's extra-judicial confession. While evidence of the *corpus delicti* in a particular case must be established by the best proof attainable, direct evidence is not essential. The *corpus delicti* may be sufficiently proved by presumptive or circumstantial evidence when that is the best obtainable.

*State v. Townsend,* 321 S.C. 55, 57, 467 S.E.2d 138, 140 (Ct.App.1996) (citations omitted).

In this case, the state presented evidence that the truck's skid marks showed it was being driven erratically before the accident, Lowery was seen near the truck right after the accident, he had permission to drive the truck, he returned to the scene, he appeared intoxicated, he had an odor

of alcohol about him, he appeared disheveled, he had cuts on his face and body, and he had glass in his hair. His breathalyzer result was .11. Although circumstantial, this evidence is sufficient to establish a jury issue as to *corpus delicti*. *See State v. Williams*, 321 S.C. 381, 468 S.E.2d 656 (1996) (If there is any evidence tending to establish the *corpus delicti*, then it is the duty of the trial court to pass that question on to the jury.).[2]

II. Jury Charge

■ The trial court made the following charge:

The burden of proof is proof beyond a reasonable doubt. I defined that for you when we began the case, that proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt; that there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think that there is a real possibility he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Lowery argues this charge was improper because it tended to place the burden on him to prove his innocence. In *State v. Darby*, 324 S.C. 114, 477 S.E.2d 710 (1996), our Supreme Court approved a similar jury charge. We find no error.

III. Juror Issues

■ Lowery argues the trial court erred in refusing to disqualify one of the jurors for cause. During voir dire, a juror admitted to having previously worked with the officer that administered the breathalyzer test to Lowery. Approximately two years before the trial, the juror and the officer had worked on the same shift at the Laurens County Sheriff's Department for approximately two months. Lowery used one of his peremptory strikes to excuse the juror.

---

2. As noted in *Williams*, 321 S.C. at 385, 468 S.E.2d at 658 n. 2, proof of *corpus delicti* is not a prerequisite to the admission of an extrajudicial confession of a defendant. If, however, *corpus delicti* is not proven and the *sole* evidence of guilt is a confession, a directed verdict in favor of the defendant is required.

■ As stated in *State v. Green*, 301 S.C. 347, 392 S.E.2d 157 (1990), to demonstrate error in the qualification of a juror, the appellant must show the juror was erroneously qualified. Although the juror worked with the breathalyzer officer, the juror stated under oath that would not interfere with his ability to be fair as a juror. Lowery has not intimated to us on appeal how the juror was biased. "A venireperson must be excused only if her opinions would prevent or substantially impair the performance of her duties as a juror in accordance with her oath and instructions." *State v. George*, 323 S.C. 496, 503, 476 S.E.2d 903, 907 (1996). Even if the juror were improperly qualified, Lowery is unable to show the error deprived him of a fair trial. *Green*, 301 S.C. 347, 392 S.E.2d 157. We also note that none of the other jurors seated were challenged for cause. We find no error.

■ Finally, Lowery argues the trial court erred in excusing juror No. 67 for being late. The juror arrived at the court at 10:00 a.m. after voir dire. Although defense counsel argued the juror could be voir dired individually, the court stated it had not yet determined whether she should be set aside for not performing her duties, inasmuch as the juror was late. The trial court then excused her from Lowery's case. The matter of excusing jurors is addressed to the sound discretion of the trial judge. *State v. Rogers*, 263 S.C. 373, 210 S.E.2d 604 (1974). We find no abuse of discretion.

**AFFIRMED.**

HOWELL, C.J. and GOOLSBY, J., concur.