Tony WILLIAMS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S00–9901–CR–45.

Supreme Court of Indiana.

March 7, 2000.

Janice L. Stevens, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Tony Williams was convicted of the murder of Anthony Winston and sentenced to sixty-five years imprisonment. He raises a single issue in this direct appeal: Whether the reasonable doubt instruction recommended by this Court in *Winegeart v. State*, 665 N.E.2d 893, 902 (Ind.1996), and given by the trial court in this case usurped the presumption of innocence and violated his right to due process. We affirm the trial court.

### Factual and Procedural Background

On August 25, 1996, Williams and Anthony Winston got into an argument over a woman. According to Williams, Winston pointed a gun at him. Williams then slashed Winston several times with a "box cutter knife." Winston died as the result of bleeding caused by stab wounds to the head, neck, chest, and extremities. A jury convicted Williams of murder and the trial court sentenced him to sixty-five years imprisonment.

### Reasonable Doubt Instruction

■ The trial court gave the following instruction defining reasonable doubt:

The State has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the state's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you should find him guilty. If, on the

other hand, you think there is a real possibility that he is not guilty, you should give him the benefit of the doubt and find him not guilty.

This is a near verbatim recitation of the Federal Judicial Center pattern instruction recommended by a majority of this Court in *Winegeart v. State*, 665 N.E.2d 893, 902 (Ind.1996). Williams objected to the last sentence of the instruction on the ground that it was "at odds with the presumption of innocence."[1] He contends that the language "if . . . you think there is a real possibility that he is not guilty, you should give him the benefit of the doubt" is inconsistent with the presumption of innocence. His contention is that the benefit of the doubt is extended to all defendants, not only those whom the jury feels there is a "real possibility" are not guilty. He further contends that the instruction "tells the jurors if they believe the defendant is actually guilty, they should not apply the presumption of innocence and the requirement of proof beyond a reasonable doubt in rendering a verdict."

 The Due Process Clause of the Fourteenth Amendment requires the State to prove every element of a charged offense beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). As the Supreme Court of the United States has observed, "[a]lthough this standard is an ancient and honored aspect of our criminal justice system, it defies easy explication." *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *see also United States v. Rodriguez*, 162 F.3d 135, 145 (1st Cir.1998), *cert. denied* 526 U.S.

1152, 119 S.Ct. 2034, 143 L.Ed.2d 1044 (1999) ("The term 'beyond a reasonable doubt' is one of the most bandied, but perhaps least precisely defined phrases in criminal law."). "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor*, 511 U.S. at 5, 114 S.Ct. 1239 (citation omitted). The dispositive issue is "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." *Id.* at 6, 114 S.Ct. 1239. As a general proposition, jury instruction lies largely within a trial court's discretion. *See Benefiel v. State*, 716 N.E.2d 906, 914 (Ind.1999). "To constitute an abuse of discretion, the instruction given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury." *Coleman v. State*, 703 N.E.2d 1022, 1027 (Ind.1998), *petition for cert. filed* (U.S. Aug. 9, 1999) (No. 99–5670).

Here, the trial court's instruction began with the statement that "[t]he State has the burden of proving the defendant guilty beyond a reasonable doubt." In *Barber v. State*, 715 N.E.2d 848, 851–52 (Ind.1999), we held that, in light of the first sentence of the instruction, which clearly stated that the State bore the burden of proof beyond a reasonable doubt, the *Winegeart* instruction did not shift the burden of proof in violation of the Due Process Clause. In addition, in this case the presumption of

---

1. Williams also tendered, and the trial court gave, the alternative definition of reasonable doubt that appears as Pattern Instruction 1.16.

A reasonable doubt is a fair, actual and logical doubt that arises in your mind after an impartial consideration of all the evidence and circumstances in the case. It should be a doubt based upon reason and common sense and not a doubt based upon imagination or speculation.

To prove the defendant's guilt of the elements of the crime charged beyond a rea-

sonable doubt, the evidence must be such that it would convince you of the truth of it, to such a degree of certainty that you would feel safe to act upon such conviction, without hesitation, in a matter of the highest concern and importance to you.

Although Williams' argument in this appeal focuses on the *Winegeart* instruction, he also suggests that giving two instructions on the subject was confusing. However, because any confusion was created by the trial court giving the instruction he tendered, he cannot claim error on this basis.

innocence and the State's burden to prove Williams guilty beyond a reasonable doubt were explained in greater detail by other instructions given by the trial court. As the Court of Appeals for the District of Columbia Circuit observed, the Federal Judicial Center pattern instruction "does not suggest that the defendant must be the source of the 'real possibility' of innocence; it only discusses the consequences if a reasonable doubt does arise." *United States v. Taylor,* 997 F.2d 1551, 1557 (D.C.Cir.1993) (citing *United States v. Hunt,* 794 F.2d 1095, 1101 (5th Cir.1986)). Moreover, the trial court had "charged the jury on the presumption of innocence and the government's burden of proof, thus eliminating any concern that the jury might think the defendant was required to show a 'real possibility' of his own innocence." *Id.*

Although this instruction appears to be widely used as a means of explaining the nebulous concept of reasonable doubt to jurors in many jurisdictions, Williams points to no case from any jurisdiction that has found it to undermine the presumption of innocence or otherwise deprive a defen-

dant of his or her liberty without due process of law in violation of the Fourteenth Amendment.[2] Indeed, a number of federal courts have rejected Fifth Amendment challenges to the final sentence of this instruction. *See Rodriguez,* 162 F.3d at 146 ("The phrase 'real doubt' does not suffer the infirmity of requiring the jury to have 'grave uncertainty,' 'substantial doubt,' and a 'real tangible substantial basis' for doubt, before they can acquit, as the unconstitutional instruction did in *Cage v. Louisiana.*") (citation omitted)[3]; *United States v. Artero,* 121 F.3d 1256, 1258 (9th Cir.1997); *United States v. Conway,* 73 F.3d 975, 980 (10th Cir.1995) ("[T]he 'firmly convinced' language, juxtaposed with the insistence that a jury must acquit in the presence of 'a real possibility' that the defendant is not guilty, is a correct and comprehensible statement of the reasonable doubt standard. Also, we reject the defendant's contention that the phrase 'real possibility,' as opposed to 'possibility,' impermissibly shifts the burden of proof."); *United States v. Williams,* 20 F.3d 125, 131 (5th Cir.1994); *United States v. Bustillo,* 789 F.2d 1364, 1368 (9th Cir.1986).[4]

**2.** Although not cited by Williams, we note that two federal cases have cautioned against the use of the words "real possibility" in a reasonable doubt instruction. *See United States v. Porter,* 821 F.2d 968, 973 (4th Cir.1987); *United States v. McBride,* 786 F.2d 45, 51–52 (2d Cir.1986). In addition, the Hawaii Court of Appeals has also expressed disapproval of this language, and found an instruction similar to the one in this case to be reversible error based on the "firmly convinced" language. *See State v. Perez,* 90 Hawai'i 113, 976 P.2d 427, 441–42 (Ct.App.1998), *cert. granted on other grounds by* 90 Hawai'i 65, 976 P.2d 379 (1999). This decision was based on the due process clause of the Hawaii Constitution, *see* Haw. Const. art. I, § 5, which is identical to the Fourteenth Amendment. We have found no other decisions holding this instruction to violate either a state constitution or the federal constitution. As this Court observed in *Winegeart,* the Arizona Supreme Court found this instruction to be the one that "most fairly and accurately conveys the meaning of reasonable doubt" and ordered it be given in every future criminal case. *See* 665 N.E.2d at 902 (quoting *State v. Portillo,* 182 Ariz. 592, 898 P.2d 970, 974 (1995)).

Although not specifically recommending or requiring its use, a number of other state courts have upheld the giving of substantially similar versions of this instruction. *See, e.g., State v. Merwin,* 131 Idaho 642, 962 P.2d 1026, 1031–32 (1998); *State v. Darby,* 324 S.C. 114, 477 S.E.2d 710 (1996); *State v. Castle,* 86 Wash.App. 48, 935 P.2d 656, 657–61 (1997).

**3.** As the U.S. Supreme Court observed in *Victor,* "[i]n only one case have we held that a definition of reasonable doubt violated the Due Process Clause." 511 U.S. at 5, 114 S.Ct. 1239 (citing *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990)). Williams does not claim the instruction in his case suffers from the deficiencies identified in *Cage.*

**4.** In addition, as this Court observed in *Winegeart,* 665 N.E.2d at 902, this instruction has also received the endorsement of Justice Ginsburg: "This model instruction surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly." *Victor,* 511 U.S. at 27, 114 S.Ct. 1239

■ In sum, the trial court did not abuse its discretion by giving the instruction a majority of this Court recommended in *Winegeart.*[5]

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.

(Ginsburg, J., concurring in part and concurring in the judgment).

5. Williams concludes his brief with the assertion that his conviction violates his "right to due process and due course of law," citing both the Fifth and Fourteenth Amendments and Article I, § 12 of the Indiana Constitution. This is the only mention of the state constitution. Because Williams provides no authority or independent analysis supporting a separate standard under the state constitution, any state constitutional claim is waived. *See Brown v. State,* 703 N.E.2d 1010, 1015 n. 4 (Ind.1998).