**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of William Bryan Fetner, Appellant.

Appellate Case No. 2011-198707

———————————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-123
Submitted March 1, 2013 – Filed March 27, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————————

**PER CURIAM:** William Bryan Fetner appeals his commitment to the Department of Mental Health, arguing the circuit court erred when it (1) allowed the mental health evaluator to testify about the screening procedure that led to her appointment and (2) instructed the jury improperly concerning reasonable doubt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in admitting the screening procedure testimony: *State v. Salley*, 398 S.C. 160, 168-69, 727 S.E.2d 740, 744 (2012) ("The admission or exclusion of evidence is an action within the sound discretion of the circuit court and will not be disturbed on appeal absent an abuse of discretion."); *id.* at 169, 727 S.E.2d at 744 ("An abuse of discretion occurs when the conclusions of the circuit court are either controlled by an error of law or are based on unsupported factual conclusions."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("[R]eversal is not required unless appellant was prejudiced by the error."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("Prejudice occurs when there is reasonable probability the wrongly admitted evidence influenced the jury's verdict.").

2.  As to whether the circuit court instructed the jury improperly concerning reasonable doubt: *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("In reviewing jury charges for error, this Court must consider the circuit court's jury charge as a whole in light of the evidence and issues presented at trial."); *id.* ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."); *id.* ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *id.* ("To warrant reversal, a circuit court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Darby*, 324 S.C. 114, 116, 477 S.E.2d 710, 711 (1996) ("Courts specifically addressing whether the 'real possibility' language lessens the government's burden of proof have held it does not in the context of the preceding language requiring that the juror be 'firmly convinced' of the defendant's guilt."); *id.* ("Further, there is nothing in this language to suggest the defendant himself bears any burden of proof.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.