**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Moore, Appellant.

Appellate Case No. 2011-186046

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-291
Heard June 5, 2013 – Filed June 26, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark Reynolds Farthing, all of Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** In this criminal appeal, James Moore contends the trial court erred in failing to charge the jury with his requested reasonable doubt definition. He maintains the trial court's jury charge diluted the jury's burden and resulted in a violation of his right to due process. Moore specifically objects to the trial court's following statements: "There are few things in this world that we know with absolute certainty. And in criminal cases our law does not require proof that overcomes every possible doubt." We affirm.

First, we note a trial court is not prohibited from, nor required to, define reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). Our supreme court has reinforced this position, finding a defendant's argument that a trial court erred by refusing to define reasonable doubt altogether over the defendant's requested charge from *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991), was manifestly without merit. *State v. Adams*, 322 S.C. 114, 126, 470 S.E.2d 366, 373 (1996); *see also Manning*, 305 S.C. at 417, 409 S.E.2d at 375 (suggesting the trial court give no further definition for reasonable doubt than "[a] reasonable doubt is the kind of doubt that would cause a reasonable person to hesitate to act"), *overruled on other grounds by State v. Aleksey*, 393 S.C. 20, 538 S.E.2d 248 (2000).

When a trial court chooses to define reasonable doubt, our supreme court has explicitly identified two appropriate definitions and stated trial courts should rarely find it necessary to deviate from those approved charges. *State v. Needs*, 333 S.C. 134, 155-56, 508 S.E.2d 857, 868 (1998), *modified on other grounds by State v. Cherry*, 361 S.C. 588, 606 S.E.2d 475 (2004). The first option for a reasonable doubt charge provides: "'A reasonable doubt is the kind of doubt that would cause a reasonable person to hesitate to act.'" *Id.* at 155 n.12, 508 S.E.2d at 868 n.12 (quoting *Manning*, 305 S.C. at 417, 409 S.E.2d at 375). The trial court also may use the following charge or combine it with the *Manning* charge:

> The State has the burden of proving the Defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases where you were told that [it] is only necessary to prove the fact is more likely true than not, such as by the greater weight or preponderance of the evidence. In criminal cases, the State's proof must be more powerful than that. It must be beyond a reasonable doubt.

> Ladies and gentlemen, proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. **There are very few things in this world that we know with absolute certainty. And in criminal cases, the law does not require proof that overcomes every possible doubt. The law doesn't require that.**
>
> If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. You must find him guilty. If on the other hand you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

*Id.* (emphasis added) (quoting *State v. Darby*, 324 S.C. 114, 115-16, 477 S.E.2d 710, 710-11 (1996) (endorsing the definition of reasonable doubt developed by the Federal Judicial Center and cited with approval in Justice Ginsberg's concurring opinion in *Victor v. Nebraska*, 511 U.S. 1 (1994))). "Neither charge is mandatory." *Id.* (citing *State v. Johnson*, 315 S.C. 485, 487, 445 S.E.2d 637, 637-38 (1994)); *State v. Longworth*, 313 S.C. 360, 372, 438 S.E.2d 219, 225 (1993)). Again, "it is within a trial [court]'s discretion to refuse to define reasonable doubt at all." *Id.* (citing *Adams*, 322 S.C. at 126, 470 S.E.2d at 373).

Here, the trial court charged one of the appropriate reasonable doubt definitions provided by our supreme court, and, thus, we find there was no error. Accordingly, the decision of the trial court is

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**