**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wendy Michelle Green, Appellant.

Appellate Case No. 2022-001036

———————

Appeal From Laurens County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-249
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Andrew Douglas Powell, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

———————

**PER CURIAM:**  Wendy Michelle Green appeals her conviction for trafficking in methamphetamine and sentence of ten years' imprisonment.  On appeal, Green argues the trial court erred by including the language "[i]f, on the other hand, you

think there's a real possibility that the [d]efendant is not guilty, you must give the [d]efendant the benefit of the doubt and find her not guilty" in its reasonable doubt jury instruction, because it unconstitutionally shifted the burden of proof. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion when it included the phrase "real possibility" within its reasonable doubt charge. *See Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *State v. Adkins*, 353 S.C 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003))); *id.* ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *Adkins*, 353 S.C. at 318, 577 S.E.2d at 464)). Although the trial court included the language "real possibility" in its reasonable doubt charge, when this language is preceded by language that a jury must be "firmly convinced" of a defendant's guilt, as it was here, it does not shift the burden of proof away from the State. *See State v. McHoney*, 344 S.C. 85, 98, 544 S.E.2d 30, 36-37 (2001) ("[C]ourts specifically addressing whether the 'real possibility' language lessens the government's burden of proof have held it does not in the context of the preceding language requiring that the juror be 'firmly convinced' of the defendant's guilt." (quoting *State v. Darby*, 324 S.C. 114, 116, 477 S.E.2d 710, 711 (1996))); *id.* at 98, 544 S.E.2d at 37 ("[T]here is nothing in [the real possibility] language to suggest the defendant bears the burden of proof.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.