**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sosa Mandiez Croft, Appellant.

Appellate Case No. 2022-001771

———————————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-329
Submitted September 1, 2025 – Filed October 1, 2025

———————————

**AFFIRMED**

———————————

Senior Appellate Defender Lara Mary Caudy, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, William
Joseph Maye, all of Columbia; and Solicitor Cynthia
Smith Crick, of Greenville, all for Respondent.

———————————

**PER CURIAM:** Sosa Mandiez Croft appeals his convictions for murder, armed robbery, and possession of a weapon during the commission of a violent crime and

concurrent sentences of life without parole (LWOP) for murder, thirty years' imprisonment for armed robbery, and five years' imprisonment for the weapon charge. On appeal, Croft argues the trial court's jury instruction on reasonable doubt lowered the State's burden of proof. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court's jury instruction on reasonable doubt did not constitute an abuse of discretion. *See State v. Williams*, 367 S.C. 192, 195, 624 S.E.2d 443, 445 (Ct. App. 2005) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528,539 (2000))); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). We find the trial court's jury instruction on reasonable doubt provided the proper definition for reasonable doubt and, as a whole, did not lower the State's burden of proof. *See Todd v. State*, 355 S.C. 396, 402, 585 S.E.2d 305, 308 (2003) ("[J]ury charges should be examined in their entirety and not in isolation in analyzing whether the defendant's due process rights have been violated."); *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *State v. Darby*, 324 S.C. 114, 116, 477 S.E.2d 710, 711 (1996) (acknowledging the Supreme Court of the United States and the South Carolina Supreme Court have "approved" the definition of reasonable doubt as "the kind of doubt that would cause a reasonable person to hesitate to act"); *id.* (recognizing the use of "real possibility" language in a jury instruction does not lessen the State's burden of proof when preceding language requires that the jurors be "firmly convinced" of the defendant's guilt).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.